

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00250-CR

_____

FELIPE ESCOBAR, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Swisher County, Texas
Trial Court No. A-4309-10-03; Honorable Robert W. Kinkaid, Presiding

September 25, 2013

## ABATEMENT AND REMAND

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Based on the limited record before this Court we know that Appellant, Felipe Escobar, Jr., was convicted of burglary of a habitation on July 15, 2013, and sentenced to twelve years confinement. On July 19, 2013, Kregg Hukill, Appellant's court-appointed trial attorney, filed a notice of appeal. The *Trial Court's Certification of*

*Defendant's Right of Appeal* reflects that Appellant's case was not the result of a plea bargain and he has the right of appeal.

On August 1, 2013, the trial court entered an order purporting to grant Hukill's motion to withdraw as Appellant's counsel.[1] On September 19, 2013, the trial court clerk filed a letter in this Court advising that counsel had not been appointed for Appellant on appeal and that no request for preparation of the clerk's record had been submitted.[2] Although the letter does not specifically state so, the clerk apparently believes that this is good cause for not timely filing the official clerk's record as per Rule 34.5(a) of the Texas Rules of Appellate Procedure.

An eligible criminal defendant is entitled to have the trial court appoint an attorney to represent him in an appeal to a court of appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1) (West Supp. 2012). Consequently, we abate this appeal and remand the cause to the trial court. Upon remand, the trial court shall utilize whatever means necessary to determine the following:

1.   whether Appellant still desires to prosecute the appeal;

2.   whether Appellant has paid the clerk's fee, made satisfactory arrangements with the clerk to pay the fee, or is entitled to appeal without paying the fee; and

---

[1]Unless another attorney is designated, lead counsel for an appellant is the attorney whose signature first appears on the notice of appeal. TEX. R. APP. P. 6.1. The *appellate court* may, on appropriate terms and conditions permit an attorney to withdraw from representing a party in the appellate court. *Id.* at 6.5. (Emphasis added).

[2]If no motion for new trial is filed, the clerk's record must be filed in the appellate court within sixty (60) days after the date the sentence is imposed or suspended in open court. TEX. R. APP. P. 35.2(a). Here, it appears as though the clerk's record was due on September 13, 2013.

3.     whether Appellant has retained appellate counsel, made satisfactory arrangements for the retention of counsel, or whether he remains indigent and entitled to court-appointed counsel.

Should the trial court determine that Appellant does want to continue this appeal and is entitled to court-appointed counsel, the name, address, telephone number, and state bar number of appointed counsel shall be provided to the Clerk of this Court. The trial court shall also execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any other necessary orders, to be included in a supplemental clerk's record to be filed with the Clerk of this Court on or before October 14, 2013.

It is so ordered.

Per Curiam

Do not publish.